**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **KAREN HILL** § | |
| § | |
| **V.** § | **CIVIL ACTION NO. 6:24-CV-00175** |
| § | |
| **TRAVELERS PERSONAL** § | |
| **INSURANCE COMPANY** § | |

**DEFENDANT TRAVELERS PERSONAL INSURANCE COMPANY'S**
**FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Personal Insurance Company ("Travelers"), the defendant in the above entitled and numbered cause, and timely files this first amended original answer to the plaintiff's original petition on file herein pursuant to the terms of the parties' June 7, 2024 proposed agreed scheduling order, Dkt. No. 6-1, and respectfully shows unto this Honorable Court as follows:

1. Paragraph no. 1 of the plaintiff's original petition does not contain any allegations to which a response is necessary.

2. Travelers denies the allegations in paragraph no. 2 of the plaintiff's original petition. Specifically, Travelers alleges that that discovery in this case will be subject to the Federal Rules of Civil Procedure, the Local Rules for the Western District of Texas, and the orders of this Court.

3. Travelers admits the allegations in paragraph no. 3 of the plaintiff's original petition.

4. Travelers admits that it is a Connecticut corporation with its principal place of business in the State of Connecticut and is admitted and authorized to sell insurance in the State of Texas as alleged in paragraph no. 4 of the plaintiff's original petition.

5.	Travelers admits that the United States District Court for the Western District of Texas, Waco Division, has jurisdiction over the subject matter and the parties to this lawsuit as alleged in paragraph no. 5 of the plaintiff's original petition, but Travelers denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

6.	Travelers admits that the United States District Court for the Western District of Texas, Waco Division, has jurisdiction over the subject matter and the parties to this lawsuit as alleged in paragraph no. 6 of the plaintiff's original petition, but Travelers denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

7.	Travelers admits that venue is proper in the Western District of Texas, Waco Division, as alleged in paragraph no. 7 of the plaintiff's original petition.

8.	Travelers admits it issued a policy of insurance to Allen Hill and Karen Hill, policy no. 606163676 633 1, with effective dates from March 1, 2023 to March 1, 2024 ("the Travelers policy"), pertaining to a property located at 2208 Private Road 2020, Centerville, Texas 75833, as alleged in paragraph no. 8 of the plaintiff's original petition, which policy is subject to certain terms, conditions, limitations, and exclusions and otherwise speaks for itself.

9.	Upon information and belief, Travelers admits the plaintiff owns or owned the property at issue in this lawsuit as alleged in paragraph no. 9 of the plaintiff's original petition.

10.	Travelers admits the Travelers policy was sold to Allen Hill and Karen Hill, as alleged in paragraph no. 10 of the plaintiff's original petition, which policy is subject to certain terms, conditions, limitations, and exclusions and otherwise speaks for itself.

11. Travelers admits the subject property sustained damage resulting from a March 2, 2023 massive windstorm that passed through the Leon County, Texas area as alleged in paragraph no. 11 of the plaintiff's original petition, but Travelers denies the nature, scope, and extent of the damage alleged by the plaintiff and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

12. Travelers admits the plaintiff submitted a claim to Travelers under the Travelers policy, which claim Travelers assigned claim no. IXI2427 as alleged in paragraph no. 12 of the plaintiff's original petition, but Travelers denies the nature, scope, and extent of the damage alleged by the plaintiff and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

13. Travelers admits it assigned an adjuster to investigate the plaintiff's claim as alleged in paragraph no. 13 of the plaintiff's original petition. Travelers denies the remainder of the allegations in paragraph no. 13 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

14. Travelers denies the allegations in paragraph no. 14 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

15. Travelers denies the allegations in paragraph no. 15 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

16. Travelers denies the allegations in paragraph no. 16 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

17. Travelers denies the allegations in paragraph no. 17 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

18. Travelers denies the allegations in paragraph no. 18 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

23. Travelers denies the allegations in first paragraph no. 23 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

20. Travelers denies the allegations in paragraph no. 20 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

21. Travelers denies the allegations in paragraph no. 21 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

22. Travelers denies the allegations in paragraph no. 22 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

23. Travelers denies the allegations in second paragraph no. 23 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

24. Travelers denies the allegations in paragraph no. 24 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

25. Travelers denies the allegations in paragraph no. 25 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

26. Travelers denies the allegations in paragraph no. 26 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

27. Travelers denies the allegations in paragraph no. 27 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

28. Travelers denies the allegations in paragraph no. 28 of the plaintiff's original petition.

29. Travelers denies the allegations in paragraph no. 29 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

30. Travelers denies the allegations in paragraph no. 30 of the plaintiff's original petition.

31. Travelers denies the allegations in paragraph no. 31 of the plaintiff's original petition.

32. Travelers denies the allegations in paragraph no. 32 of the plaintiff's original petition.

33. Travelers denies the allegations in paragraph no. 33 of the plaintiff's original petition.

34. Travelers denies the allegations in paragraph no. 34 of the plaintiff's original petition.

35. Travelers denies the allegations in paragraph no. 35 of the plaintiff's original petition.

36. Travelers denies the allegations in paragraph no. 36 of the plaintiff's original petition.

37. Travelers denies the allegations in paragraph no. 37 of the plaintiff's original petition.

38. Travelers denies the allegations in paragraph no. 38 of the plaintiff's original petition.

39. Travelers denies the allegations in paragraph no. 39 of the plaintiff's original petition.

40. Travelers denies the allegations in paragraph no. 40 of the plaintiff's original petition.

41. Travelers denies the allegations in paragraph no. 41 of the plaintiff's original petition.

42. Travelers denies the allegations in paragraph no. 42 of the plaintiff's original petition.

43. Travelers denies the allegations in paragraph no. 43 of the plaintiff's original petition.

44. Travelers denies the allegations in paragraph no. 44 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

45. Travelers denies the allegations in paragraph no. 45 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

46. Travelers denies the allegations in paragraph no. 46 of the plaintiff's original petition.

47. Travelers denies the allegations in paragraph no. 47 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

48. Travelers denies the allegations in paragraph no. 48 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

49. Travelers denies the allegations in paragraph no. 49 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

50. Travelers denies the allegations in paragraph no. 50 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

51. Travelers denies the allegations in paragraph no. 51 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

52. Travelers denies the allegations in paragraph no. 52 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

53. The allegations in paragraph no. 53 of the plaintiff's original petition constitute legal conclusions to which no response is necessary.

65.[1] Paragraph no. 65 of the plaintiff's original petition does not contain any allegations to which a response is necessary. To the extent a response is deemed necessary, and in an abundance of procedural caution, Travelers denies the allegations in paragraph no. 65 of the plaintiff's original petition and further denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

66. Travelers admits the amount in controversy exceeds the minimum jurisdictional requirements of this Court as alleged in paragraph no. 66 of the plaintiff's original petition and further admits the United States District Court for the Western District of Texas, Waco Division, has jurisdiction over the subject matter and the parties to this lawsuit as alleged in paragraph no. 66 of the plaintiff's original petition, but Travelers denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

67. Travelers denies the plaintiff is entitled to the relief requested in the prayer of the plaintiff's original petition.

68. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Travelers denies all allegations in the plaintiff's original petition that are not specifically admitted herein.

---

[1] Paragraph nos. 54 through 64 of the plaintiff's original petition are omitted from the plaintiff's original petition.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Travelers hereby asserts the following affirmative defenses and other defenses to the claims and allegations set forth in the plaintiff's original complaint.

69. The plaintiff's claims are barred, either in whole or in part, because the plaintiff has failed to state a claim upon which relief can be granted. The plaintiff has failed to describe how Travelers' alleged breach of the insurance contract would convert the plaintiff's contractual claim into any other causes of action including, without limitation, breach of the duty of good faith and fair dealing or a violation of the Texas Insurance Code.

70. Travelers admits it issued the Travelers policy to Allen Hill and Karen Hill, which policy contains or incorporates certain exclusions and provisions or endorsements that preclude or limit coverage, in whole or in part, and are set forth, in relevant part, as follows:



**Named Insured and Mailing Address**
ALLEN HILL
KAREN HILL
PO BOX 1250
CENTERVILLE, TX 75833-1250
allenrhill@gmail.com

**Your Agency's Name and Address**
WAKEFIELD INSURANCE AGY
PO BOX 421
CENTERVILLE, TX 75833

**Residence Premises**
2208 PRIVATE ROAD 2020
CENTERVILLE, TX 75833-3356

**Mortgagee Name and Address**
1. JPMORGAN CHASE BANK NA
   ISAOA/ATIMA
   PO BOX 4465
   SPRINGFIELD, OH 45501-4465
   LOAN NUMBER: 1153499009

**Policy Information**
Your Policy Number  606163676 633 1    For Policy Service    1.877.872.8737

\*\*\*

**Coverages and Limits of Liability**

| Property Coverage Section | Limit |
|---|---|
| Coverage A – Dwelling | $305,000 |
| Coverage B – Other Structures | $30,500 |

\*\*\*

**Deductibles**

| Peril Deductible | | Deductible |
|---|---|---|
| Property Coverage Deductible (All Perils) | 1% of Coverage A- Dwelling Limit | $3,050 |

\*\*\*

## AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

\*\*\*

## DEFINITIONS

In this policy, you and your refer to:

    **a.**    The named "insured" shown in the Declarations; and

    **b.**    The spouse if a resident of the same household…

\*\*\*

In this policy, we, us and our refer to the member company of Travelers providing this insurance and shown as Your Insurer in the Declarations.

In this policy, certain words and phrases are in quotes. Those words and phrases are defined as follows:

\*\*\*

**5.**    "Business" means:

    **a.**    A trade, profession or occupation engaged in on a full-time, part-time or occasional basis…

\*\*\*

**10.**    "Insured location" means:

    **a.**    The "residence premises";…

\*\*\*

**14.**    "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

\*\*\*

**PROPERTY COVERAGE SECTION**

**PROPERTY COVERAGE A - DWELLING**

1. We cover:

    a. The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; …

\*\*\*

**PROPERTY COVERAGE B – OTHER STRUCTURES**

1. We cover other structures on the "residence premises" set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line or similar connection. It also includes other structures that are not buildings, including driveways, walkways and patios.

2. We do not cover:

\*\*\*

    b. Other structures rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage. We do cover other structures rented to others as a private residence for which a limit of liability is shown in the Declarations for Structures Rented to Others;

    c. Other structures from which any "business" is conducted; or

    d. Other structures used to store "business" property. We do cover a structure that contains "business" property solely owned by an "insured" or a tenant of the dwelling provided that "business" property does not include gaseous or liquid fuel, other than fuel in a permanently installed fuel tank of a vehicle or craft parked or stored in the structure.

**PERILS INSURED AGAINST**
**PROPERTY COVERAGE A – DWELLING**
**PROPERTY COVERAGE B – OTHER STRUCTURES**

1. We insure against direct physical loss to property described in Property Coverages A and B.

2. We do not insure for loss:

    a. Excluded under Property – Exclusions;

11

\*\*\*

    **c.**    Caused by:

\*\*\*

        **(6)**    Any of the following:

            **(a)**    Wear and tear, marring, scratching or deterioration;

\*\*\*

## PROPERTY – EXCLUSIONS

**A.**    We do not insure for any direct or indirect loss or damage caused by, resulting from, contributing to or aggravated by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

These exclusions apply whether or not the loss event:
**(1)**    Results in widespread damage;

**(2)**    Affects a substantial area; or

**(3)**    Occurs gradually or suddenly.

\*\*\*

    **5.**    **Neglect**, meaning neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

\*\*\*

**B.**    We do not insure for loss to property described in Property Coverages A and B caused by any of the following. However, any ensuing loss to property described in Property Coverages A and B not excluded by any other provision in this policy is covered.

\*\*\*

    **3.**    Faulty, inadequate or defective:

\*\*\*

        **b.**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction.

        **c.**    Materials used in repair, construction, renovation or remodeling; or

      **d.**    Maintenance;

of part or all of any property whether on or off the "residence premises".

---

**PROPERTY - CONDITIONS**

---

\*\*\*

**2.** **Your Duties After Loss.** In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, or an "insured" seeking coverage, or representative of either.

    **a.**    Give prompt notice to us or our agent. With respect to a loss caused by the peril of windstorm or hail, that notice must occur not later than one year after the date of the loss. However, for loss caused by the peril of windstorm or hail, any such claim may be filed after the first anniversary of the date of the loss for good cause shown by the person filing the claim;

\*\*\*

    **d.**    Protect the property from further damage. If repairs to the property are required, you must:

        **(1)**    Make reasonable and necessary repairs to protect the property; and

        **(2)**    Keep an accurate record of repair expenses;

    **e.**    Cooperate with us in the investigation of a claim;

\*\*\*

**4.** **Loss Deductible.** Unless otherwise stated in this policy, the following deductible provision applies:

    **a.**    Subject to the policy limits that apply, we will pay only that part of the total of all loss payable under the Property Coverage Section that exceeds the deductible amount shown in the Declarations

\*\*\*

13

    **7.**    **Appraisal**. If you and we fail to agree on the amount of loss, either party may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

    Each Party will:

    **a.**    Pay its own appraiser; and

    **b.**    Bear the other expenses of the appraisal and umpire equally.

**\*\*\***

    **9.**    **Suit Against Us.**

    **a.**    Except as provided in **9.b.**, no suit or legal action can be brought against us unless there has been full compliance with all of the terms under the Property Coverage Section of this policy. Action must be brought against us within two years and one day after the date the cause of action accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

**\*\*\***

    **16.**    **Policy Period.** This policy applies only to loss which occurs during the policy period.

**\*\*\***

71. As to the plaintiff's extracontractual claims alleging "bad faith," a bona fide controversy existed and continues to exist concerning the plaintiff's entitlement, if any, to insurance benefits from Travelers, and Travelers possesses the right to value claims differently from an insured asserting claims under an insurance policy without facing bad faith liability. Travelers would show that a bona fide controversy existed and continues to exist regarding the plaintiff's alleged covered loss.

72. By way of additional defense, Travelers asserts that in the unlikely event the plaintiff prevails on all or part of her claims against Travelers, Travelers is entitled to a credit for all amounts already paid by any party or entity to the plaintiff for the alleged damages that are the subject of this suit.

73. With respect to the plaintiff's claim for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice and Remedies Code sections 41.002 – 41.009.

74. The plaintiff's damages, if any, are limited by the amounts set forth in the Policy limitations provisions of the applicable insurance policy. The plaintiff's contractual damages cannot exceed the applicable policy limits.

75. Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Travelers is entitled to a credit or appropriate offset for: (a) any damages or losses attributable to the conduct, products, and breaches of third parties; and (b) any amounts

paid in settlement by or on behalf of any individual or entity, whether or not a party to this lawsuit.

76. To the extent the plaintiff has failed to comply with the notice requirements of the Texas Insurance Code, the Texas Deceptive Trade Practices – Consumer Protection Act, and Section 38.001 of the Texas Civil Practice and Remedies Code, the plaintiff is precluded from recovering attorneys' fees and expenses in this matter.

77. The existence of coverage for the plaintiff's underlying insurance claim is necessary to establish the basis of the plaintiff's Insurance Code claims. Because the plaintiff's allegations are generally based on Travelers' alleged failure to investigate the claim and pay policy benefits, the absence of coverage for the aspects of the plaintiff's insurance claim for which the plaintiff is seeking recovery from Travelers in this lawsuit precludes the plaintiff's Insurance Code and all other extracontractual claims against Travelers.

78. Travelers denies that all conditions precedent to suit have been met, have occurred, have been excused, or have been waived.

79. Travelers expressly reserves all other rights and defenses under the Travelers policy and applicable law. Travelers further reserves the right to amend its answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the policy that may become apparent during Travelers' ongoing investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, the defendant, Travelers Personal Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and

further relief, both general and special, legal and equitable, to which the defendant may show itself justly entitled to receive.

Respectfully submitted,

Wilkins PLLC
350 Pine Street, Suite 660
Beaumont, Texas 77701
(409) 241-8094
(409) 750-7826 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gwilkins@wilkinspllc.com

ATTORNEYS FOR DEFENDANT,
TRAVELERS PERSONAL
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 30th day of August, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins
